UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY RAY TWITTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02822-TWP-DML |
| WEXFORD OF INDIANA, LLC, et al. | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Plaintiff Terry Twitty, an inmate at Pendleton Correctional Facility ("PCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. Because Mr. Twitty is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I.
## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names Wexford of Indiana, LLC ("Wexford") and DeAngela Lewis as defendants. Mr. Twitty is seeking compensatory and punitive damages and injunctive relief.

On May 23, 2019, Mr. Twitty slipped and fell, injuring his knee. He went to an outside hospital for an MRI, which revealed a torn ligament, and received a recommendation for knee surgery. However, the defendants are refusing to provide Mr. Twitty with knee surgery because they believe he is too old and too obese. The complaint states that Mr. Twitty, who is 72 years old and weighs 185 pounds, is not too old or too obese for knee surgery.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Based on the screening standard set forth above, Mr. Twitty's Eighth Amendment medical needs claims **shall proceed** against Wexford and against Ms. Lewis in her individual capacity.

This summary includes all viable claims identified by the Court. If Mr. Twitty believes the complaint includes additional viable claims, he shall have through **February 5, 2021**, to identify those claims.

Ms. Lewis appears to be an employee or former employee of Wexford. If Ms. Lewis does not waive service, Wexford is **ORDERED** to provide her full name and last known address if it has such information. This information may be provided to the Court informally or may be filed *ex parte*.

### IV.
### SUMMARY AND SERVICE OF PROCESS

Mr. Twitty's Eighth Amendment medical needs claims **shall proceed** against Wexford and against Ms. Lewis in her individual capacity.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC and DeAngela Lewis in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED**.

Date: 1/12/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY RAY TWITTY
990104
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to Wexford of Indiana, LLC

DeAngela Lewis
Pendleton Correctional Facility
Medical Staff
4490 West Reformatory Road
Pendleton, IN 46064